IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROBERT MCKINNON, III,

    Petitioner,

v.                                     CASE NO. 1:16-cv-256-MP-GRJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case on July 12, 2016, by filing ECF No. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner subsequently filed an amended petition on July 27, 2016. (ECF No. 6.)

In the amended petition ("Petition"), Petitioner challenges his September 25, 2011 conviction for robbery with a firearm, aggravated battery with a firearm, and possession of a firearm by a convicted felon. Petitioner also filed a motion for leave to exceed the page number, in which he represents that he filed an application to the Eleventh Circuit on July 6, 2016, requesting permission to file a second petition for writ of habeas

corpus. (ECF No. 2.) A review of PACER confirms that Petitioner previously filed a § 2254 petition challenging the same conviction.[1] The petition was denied on May 18, 2016, and a certificate of appealability was denied.[2]

In order to file a second or successive § 2254 petition, the Petitioner must *first* obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A); *see also Jordan v. Sec'y, Dep't of Corrections*, 485 F.3d 1351, 1353 (11th Cir. 2007) (requiring petitioner to obtain order from appellate court prior to filing second or successive § 2254 petition after first habeas petition was dismissed as untimely). Absent authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255).

Upon initial review of this case, the Court issued an order to show cause, instructing Petitioner that he must show that he obtained an order from the Eleventh Circuit authorizing this Court to consider his Petition

---

[1] *Robert McKinnon, III v. Julie L. Jones*, Case No. 1:14-cv-227-WS-CJK, ECF No. 1 (N.D. Fla. Nov. 17, 2014).

[2] *Id.*, ECF Nos. 97–98.

*before* he filed his Petition, or the Petition will be dismissed. (ECF No. 8.)

Petitioner has now filed a "Motion Clarifying Jurisdictional Issue/Nunc Pro Tunc December 4, 2014/Nunc Pro Tunc December 5, 2014." (ECF No. 11.) In his filing, Petitioner argues that his Petition should not be dismissed as successive. Accordingly, the Court construes Petitioner's filing as a response to the Court's order to show cause. In his response, Petitioner asserts that the prior petition for writ of habeas corpus was assigned the wrong case number. He also argues that § 2244(b)(2)(B)(ii) permits him to filed a second or successive petition.[3]

Petitioner is wrong for three reasons. First, his prior petition for writ of habeas corpus was not assigned the wrong case number. Petitioner filed his prior petition under § 2254 on November 17, 2014 in the Middle District of Florida.[4] Because Petitioner was convicted in Alachua County, Florida, the Middle District transferred his petition to the Northern District of Florida, Gainesville Division, on November 21, 2014.[5] His petition was opened in

---

[3] Although Petitioner refers to § 2244(b)(2)(ii), there is no such subsection in § 2244. It is clear, based on Petitioner's argument, that he is referring to § 2244(b)(2)(B)(ii).

[4] *Robert McKinnon, III v. Fla. Attorney Gen.,* No. 3:14-cv-01410-BJD-JBT, ECF No. 1 (M.D. Fla. Nov. 17, 2014.)

[5] *Id.*, ECF No. 2.

the Northern District under case number 1:14-cv-227-WS-CJK.[6] Then, on December 4, 2014, Petitioner filed an amended petition, which was inadvertently opened under a new case number in the Gainesville Division.[7] Consequently, on December 5, 2014, the Court directed the Clerk to file the amended petition in the case that already was opened—case number 1:14-cv-227-WS-CJK.[8] Accordingly, the amended petition was properly filed in case number 1:14-cv-227-WS-CJK.[9] Then, on May 18, 2016, the Court denied Petitioner's petition for writ of habeas corpus and denied a certificate of appealability.[10] Petitioner therefore is incorrect that his prior petition was filed under the wrong case number.[11]

---

[6] *Robert McKinnon, III v. Julie Jones*, No. 1:14-cv-227-WS-CJK, ECF No. 1 (N.D. Fla. Nov. 17, 2014).

[7] *Robert McKinnon, III v. Michael Crews,* No. 1:14-cv-225-MP-GRJ, ECF No. 1 (N.D. Fla. Dec. 4, 2014).

[8] *Id.*, ECF No. 4.

[9] *Robert McKinnon, III v. Julie Jones*, No. 1:14-cv-227-WS-CJK, ECF No. 6 (N.D. Fla. Dec. 4, 2014). Petitioner later attempted to file two additional petitions for writ of habeas corpus pursuant to section 2254 while case number 1:14-cv-227-WS-CJK was still pending. *See Robert McKinnon, III v. Julie Jones*, No. 1:15-cv-105-MP-EMT, No. 1 (N.D. Fla. May 29, 2015); *Robert McKinnon, III v. Julie Jones*, No. 1:15-cv-148-MP-CJK, No. 1 (N.D. Fla. July 17, 2015). Both cases were consolidated with his pending case. *Robert McKinnon, III v. Julie Jones*, No. 1:14-cv-227-WS-CJK, ECF Nos. 40, 43 (N.D. Fla. Dec. 4, 2014).

[10] *Id.*, ECF Nos. 97–98.

[11] In his response, Petitioner cites to the Court's order dated August 4, 2016, stating that his prior petition's case number—1:14-cv-227-WS-CJK—was already

Secondly, § 2244(b)(2)(B) does not permit Petitioner to file a second or successive petition.

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless . . . (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; *and* (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Section 2244(b)(2) (emphasis added). Importantly, § 2244(b)(2)(B) is not disjunctive. In order to present a claim that was not presented in a prior application, a petitioner must satisfy *both* subsection (i) and subsection (ii).

Here, Petitioner asserts that while he did not assert counts one and two in his prior petition, he may nonetheless file a second petition because the facts underlying the claims, if proven, would be sufficient to establish that but for the constitutional error, no reasonable factfinder would have found him guilty. Petitioner has not shown, however, that his claims are also based on newly discovered evidence.

---

assigned to another petitioner. (ECF No. 11 at 2.) The Court inadvertently included a different petitioner's name, as well as Petitioner's name, in its citation to Petitioner's prior case number. (ECF No. 8 at 2 n.2.) Case number 1:14-cv-227-WS-CJK, however, was only assigned to Petitioner.

*Case No: 1:16-cv-256-MP-GRJ*

Thirdly, even if Petitioner's claims were based on newly discovered evidence, § 2244 nonetheless requires a petitioner to obtain authorization from the court of appeals to file a second or successive application before filing the second or successive application in district court. *See* § 2244(b)(3). Petitioner has informed the Court, as instructed, whether the Eleventh Circuit granted his application before filing the instant Petition in this Court. Nonetheless, a review of PACER reveals that on August 12, 2016, the Eleventh Circuit denied as premature Petitioner's application for leave to file a second or successive habeas corpus petition because Petitioner's appeal of the denial of his motion for bond and the denial of his original section 2254 petition are still pending with the Eleventh Circuit. *See In re: Robert McKinnon, III*, No. 16-14849-A (11th Cir. Aug. 12, 2016). Accordingly, because Petitioner has not been granted authorization to file a second or successive petition, this Court lacks authority to consider the Petition.

In light of the foregoing, it is respectfully **RECOMMENDED** that the amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 6, should be **DISMISSED** and all pending motions should be

terminated.

      **IN CHAMBERS** this 23rd day of August, 2016.

                    *s/ Gary R. Jones*
                    GARY R. JONES
                    United States Magistrate Judge


## NOTICE TO THE PARTIES

      **Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

*Case No: 1:16-cv-256-MP-GRJ*